# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREATE EDUCATION. INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUREATE LEARNING CENTER, INC. and LAUREATE MEDICAL INSTITUTE, INC. <br><br> Defendants. | C.A. No. 1:14-cv-04077 (VM) |

## MOTION OF DEFENDANT LAUREATE LEARNING CENTER TO SET ASIDE DEFAULT ORDER AND FOR LEAVE TO FILE ANSWER OUT OF TIME

### I.      INTRODUCTION

COMES NOW Defendant Laureate Learning Center, Inc., a Georgia Corporation, by and through its undersigned counsel, and files this Motion to Set Aside Default Order and for Leave to File Answer Out of Time ("Motion" or "Motion to Set Aside").  Setting aside the Default Order dated March 11, 2015 (the "Default Order") would be justified because (1) personal jurisdiction over Defendant was lacking; (2) Defendant was not properly served; (3) Defendant was not afforded an opportunity to defend against Plaintiff's motion for default judgment; and (4) Plaintiff will not be prejudiced because, in addition to lack of

jurisdiction and other procedural irregularities attendant to the issuance of the Default Order, Plaintiff's claims that Defendant's use of the words "laureate" or "laureatte" infringed its mark "LAUREATE" are tenuous in light of the widespread use of the world "laureate" in commerce and the separate and distinctive areas of commerce in which Plaintiff and Defendant operate. Indeed, there is little or no likelihood of confusion as to the source of the services provided by the parties.

Defendant therefore respectfully asks the Court to set aside the Default Order so Defendant can assert its jurisdictional defenses in this Court and raise its defenses on the merits in this Court or the proper jurisdiction, if necessary.

## II. FACTUAL BACKGROUND

Defendant is a Georgia Corporation that does not transact – and has never transacted – business in New York. Defendant also has no significant ties to New York. Defendant provides online and one-on-one, face-to-face, K-12 tutoring services to students in Georgia and a few other states, but not in New York. (Jones Decl. ¶ 4.)[1] Defendant was originally registered in Georgia as Laureate Tutorial Task Force, Inc. in 2008. The name was later changed to Laureate Learning

---

[1] References to (Jones Decl. ___) are to the Declaration of Carla B. Jones submitted herewith. References to Ex. ___ are to the Exhibits attached thereto. References to doc. __ are to documents filed with the Court as identified on the docket report.

Center, Inc. (Jones Decl. ¶ 5; Ex. D.)

Despite Defendant's lack of ties with New York, Plaintiff purportedly served the Summons and Complaint in this case on Defendant by leaving it with a person named Julius Franklin at 319 Lafayette Street, Box 204, New York, New York 10012 on or about October 2014 (doc. 9.)  Defendant's principal office address is in Georgia and Defendant's registered agent, Carla B. Jones, resides in Georgia. (Jones Decl. ¶ 1; Ex. A.) )  The New York address where service was purportedly made is associated with Laureate Training Centers, Inc., which is not a party to this lawsuit, and is now administratively dissolved, even though it was owned and used at some point by Ms. Jones to register with the New York Education Department. (Jones Decl. ¶ 3; Ex. C.)

Although the purported service on Defendant was clearly deficient, on or about Nov. 24, 2014, Ms. Jones, who also owns and operates Defendant as a very small business in Georgia, sent a response to a settlement letter accompanying a copy of the Summons and Complaint that was sent to her house.  In her response, she stated the notice, which was dated June 5 2014 was not received until November 7, 2014. (Jones Decl. ¶¶ 6 & 7; E.)

It is worth noting at this point that Ms. Jones was not represented by counsel and was under the misapprehension that her November 24, 2014 response was the

3

answer required by the Court. (Id.) Notwithstanding her misapprehension, however, the record is clear that the Georgia-based Defendant with little or no ties to New York was served in New York at the address of a now-defunct company, which is not a party to this suit and hauled to federal court in New York.

### III. ARGUMENT

#### A. Legal Standard for Setting Aside Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governing the setting aside of default judgment provides in pertinent part:

> (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

In addition, Rule 60 (b) explains what constitutes "good cause" in setting aside a default judgment, and provides in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

It is well established that default judgments "are generally disfavored and are reserved for rare occasions." *City of New York v. Mickalis Pawn Shop, LLC et al.*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). The Court's discretion to grant default judgment is circumscribed—and its discretion to set it aside is correspondingly broad, "because there is a strong preference for resolving disputes on the merits and because a default judgment is the most severe sanction which the Court may apply." *Id.* at 129.

## B.   The Court Lacks Personal Jurisdiction of Defendant

As a threshold matter, where, as is the case here, personal jurisdiction is lacking over Defendant, a default judgment should be set aside as void. The Second Circuit addressed the interplay between personal jurisdiction and default judgment in *Mickalis Pawn Shop*, noting that it (the Second Circuit) had vacated a default judgment and instructed the trial court to determine whether the plaintiffs could prove the jurisdictional facts by preponderance of the evidence in an earlier

decision in *Credit Lyonnais Sec. (USA), Inc. v. Alcamtara*, 183 F.3d 151, 154 (2d Cir. 1999). *See Mickalis Pawn Shop*, 645 F.3d at 133. The Court also noted that several other sister circuits had imposed such a requirement. *Id.*

Here, Plaintiff pled personal jurisdiction upon information and belief based on Defendant's purported registration and listing of a New York address with the New York Education Department. Defendant however did not register with the New York Education Department; nor did it operate out a New York address. It was the now-defunct Laureate Training Center, Inc. that did both, and it is not a party to this action.

In making its jurisdictional allegations, Plaintiff, perhaps deliberately, ignored the publicly available information from the Georgia Secretary of State listing Defendant as an active Georgia corporation with a principal office address in Georgia. Plaintiff was undoubtedly aware of this information since it had communications and pleadings delivered to Ms. Jones at that address. It appears that Plaintiff, in a transparent effort to lend some weight to its jurisdictional allegations, decided to muddle Defendant's information with the information of a company that is no longer in existence and is not a party to this suit.

In short, Defendant does not transact business in New York, and Plaintiff cannot prove its jurisdictional allegations and could not have done so had it been

required to prove them by a preponderance of the evidence before the Default Order was granted. Setting aside the Default Order under these circumstances is justified.

**C.      Defendant Was Not Properly Served**

Plaintiff is not entitled to default judgment against Defendant because Defendant was not properly served. Rule 4(e) of the Federal Rules of Civil Procedure, governing service of process, provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

According to the Affidavit of service (doc. 9) Defendant was not served in Georgia where it is incorporated and does business. Rather, as stated in the affidavit of service, Defendant was served in New York at the office of now-

7

defunct Laureate Training Center, Inc., a separate and now non-existent corporate entity, which, admittedly, was also owned by Ms. Jones.  Ms. Jones was later sent a settlement letter with a copy of the complaint and summons.

In short, Plaintiff's attempt to serve Defendant is unavailing.  Setting aside the Default Order is also justified on this account.

**D.   Defendant was Not Afforded the Opportunity to Defend Against the Motion for Default Judgment**

A default judgment may be considered void if the judgment has been entered in a manner inconsistent with due process of law. *Mickalis Pawn Shop*, 645 F.3d at 132.   In *Mickalis*, even after the Defendant was in default, it was still entitled to be heard concerning the nature and details of the judgment to be entered. *Id*.  In this case, however, the docket report shows that the Default Order was issued on March 11, 2015 (doc. 16), two days only after Plaintiff filed its motion for default judgment (docs. 13 & 14), and well before the motion was ultimately served on Defendant on March 14, 2015.  (doc. 17.) Under these circumstances, Defendant simply was not afforded the opportunity to defend against the motion for default judgment.

Even if Defendant's initial default in failing to file an answer to the Complaint had not been justified—and Defendant maintains it was justified in light of the lack of jurisdiction and the improper service, depriving Defendant of the

8

opportunity to defend against the motion for default does not comport with Defendant's due process rights. Accordingly the Default Order should be set aside for good cause under Rule 55(c) or void under Rule 60(b)(4).

### E. Plaintiff Will Not Be Prejudiced

Firstly, as a matter of law, Plaintiff is not prejudiced by the Court setting aside a Default Order that is void *ab initio* for want of personal jurisdiction over Defendant, and because procedural irregularities impinging on Defendant's due process rights attended the granting of the Default Order. Plaintiff can always bring its action in the proper jurisdiction or, if it so chooses, litigate the jurisdictional issues in this Court.

Notably, Plaintiff who asserted upon information and belief that personal jurisdiction exists in this Court, when it knew very well that Defendant is a Georgia corporation with a place of business in Georgia and has only tenuous ties at best to New York, can hardly claim to be prejudiced by an order setting aside the default for want of jurisdiction.

Secondly, Plaintiff's claim that Defendant infringed its mark "LAUREATE" simply lacks merit. The mere use of the work "laureate" in Defendant's business name does not in itself rise to the level of infringement. A cursory basic search of the word "laureate" in the U.S. Trademark Office database online reveals 48 active

9

marks that include the word "laureate." More pertinently, the likelihood of confusion as to source between, on the one hand, Defendant's services, consisting of online, one-on-one, face-to-face, or small group K-12 tutoring and, on the other hand, Plaintiff's services, consisting of providing courses of instruction at the college, university and graduate school level, is minimal.

## IV.   CONCLUSION

In light of the foregoing, Defendant respectfully requests that the Court set aside the default judgment and grant Defendant leave to file an answer to the Complaint and raise her improper service and lack of jurisdiction defenses among others.

Respectfully submitted this 22nd day of April, 2015

>   */s/ Latif Oduola-Owoo*
>   Latif Oduola-Owoo
>   Arrington | Owoo P.C.
>   3915 cascade Road, Suite 300
>   Atlanta, GA 30331
>   Phone & Fax: 404-549-6772
>   Latif@aomlaw.com