**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LAUREATE EDUCATION, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-01756-RWS |
| LAUREATE LEARNING | : | |
| CENTER, INC., LAUREATE | : | |
| MEDICAL INSTITUTE, INC., | : | |
| and CARLA B. JONES, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiff's Renewed Motion for Entry of Default Judgment, or, in the Alternative, for a Status Conference [103]. After a thorough review of the record and the parties' briefs, the Court enters the following Order.

## **Background**

This case arises out of the operation of two allegedly infringing websites thought to be owned and operated by Defendants. Plaintiff Laureate Education, Inc. ("Plaintiff") operates an international network of institutions of higher learning. (Compl., Dkt. [2] ¶ 2.) It owns several U.S. Trademark

registrations for LAUREATE, including LAUREATE for educational services and for audio and video pre-recordings. (Id. ¶¶ 3-4.)

Plaintiff originally filed suit against Defendants Laureate Learning Center, Inc. ("LLC") and Laureate Medical Institute, Inc. ("LMI") in the Southern District of New York. (Id.) Plaintiff claimed that LLC and LMI were violating Plaintiff's trademark by "using the name LAUREATE or LAUREATTE in connection with educational services." (Id. ¶ 7.) On March 11, 2015, default judgment was entered against LLC and LMI, and a permanent injunction was granted in Plaintiff's favor. (Order, Dkt. [16].) Default was set aside, and the case was transferred to the Northern District of Georgia, on May 8, 2015. (Order, Dkt. [21].)

During discovery, Plaintiff learned of the involvement of Defendant Carla B. Jones ("Jones"). The Court granted Plaintiff's Motion to Amend the Complaint [50]. (Order, Dkt. [57].) Plaintiff amended its complaint to add Jones as a defendant on April 21, 2016, seeking alter ego liability. (First Am. Compl., Dkt. [59].)

Since that time, Plaintiff has made various unsuccessful attempts to proceed with discovery. On June 27, 2016, Plaintiff filed a Motion to Compel

Discovery after Jones failed to respond to Plaintiff's first set of discovery requests. (Mot. to Compel, Dkt. [67], at 2.) The Court granted that Motion and ordered Jones to respond to the discovery request. (Order, Dkt. [72].) In July, Plaintiff filed a Motion to Compel Production and Enforce Subpoena after Laureatte School of Medical Training, Inc. ("LSMT") failed to respond to a subpoena that was sent to both LSMT and Jones. (Mot. to Enforce Subpoena and Compel Produc., Dkt. [73], at 2.) On August 8, 2016, Plaintiff filed its First Motion for Entry of Default Judgment, noting that Defendants had not complied with the Court's July 19, 2016 Order [72] compelling discovery. (Mot. for Entry of Default J. and for Atty's Fees and Expenses, Dkt. [75], at 2.) Finally, on August 12, 2016, Plaintiff filed a Motion for Sanctions after Defendants failed to appear at a scheduled LSMT deposition for which both LSMT and Jones received a subpoena. (Mot. for Sanctions Given Failure of LSMT to Appear for Dep., Dkt. [76], at 2.)

On September 26, 2016, the Court ruled as follows on each of the above-mentioned motions. Plaintiff's Motion to Compel Production and Enforce Subpoena [73] was granted, and Defendants were ordered to pay all Plaintiff's fees and expenses incurred as a result of bringing the Motion.

3

AO 72A
(Rev.8/82)

(Order, Dkt. [93], at 2.) Plaintiff's Motion for Sanctions for Failure to Appear at a Deposition [76] was granted in part and denied in part, and Defendants were ordered to pay Plaintiff's attorney's fees in connection with the deposition. (Id. at 4-5.) In an effort to give Defendants a final opportunity to cooperate in discovery, the Court denied Plaintiff's Motion for Default Judgment [75]. (Id. at 3-4.) Defendants objected to Plaintiff's statement of fees in connection with the Order for Sanctions. (Objection to Statement on Atty's Fees and Expenses, Dkt. [96].) On November 14, 2016, the Court made a final determination on attorney's fees and expenses and ordered Defendants to pay Plaintiff $24,811.50 in attorney's fees and $586.28 in expenses within 21 days. (Order, Dkt. [99], at 2-3.) The Court further held Jones personally jointly and severally liable for the payment of the fees along with the other Defendants. (Id. at 3.)

On December 5, 2016, the day the fees were due to Plaintiff, Jones filed for bankruptcy; two days later, Jones filed a Notice of Automatic Stay Due to Filing of Chapter 13 Bankruptcy Proceeding [102]. Because Jones had a prior bankruptcy case dismissed within the preceding year, the automatic stay of these proceedings was for 30 days only, and it expired on January 4, 2017.

4

(Ex. A, Notice of Filing of Bankr. Court's Order Confirming Termination of Stay, Dkt. [104-1], at 3.) Despite the Court's November 14, 2016 Order [99], to date, neither Jones nor any other Defendant has paid the required attorney's fees and expenses to Plaintiff. (Renewed Mot. for Entry of Default J., or, in the Alternative, for a Status Conference, Dkt. [103], at 2.) Accordingly, on January 6, 2017, Plaintiff filed this Renewed Motion for Entry of Default Judgment as to Defendants [103] requesting that the Court strike Defendant's May 16, 2016 Answer to the First Amended Complaint [65] and enter default judgment against all Defendants. (Id. at 1.)

**Discussion**

**I. Legal Standard**

The Supreme Court has held that federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). Rule 37 of the Federal Rules of Civil Procedure offers guidance on appropriate sanctions, stating "[i]f a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4) fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a),

5

the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The rule further states that sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Id.

While "Rule 37 gives district judges broad discretion to fashion appropriate sanctions," the 11th Circuit has noted that "this discretion is guided by a judicial interpretation of the rule." OneBeacon Ins. Co. v. Millbourne, No. 1:04-cv-3596, 2005 WL 3797628, at *3 (N.D. Ga. Oct. 20, 2005) (quoting Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993)). Given the finality of a default judgment, a judge should only use default as a sanction "as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." Id. However, this Court has held that "[s]triking answers and entering default judgments are *appropriate* when a party fails to appear for a deposition, fails to respond to interrogatories and request for production, fails to appear again when so ordered by a court, and fails to make a reasonable offer to appear." Functional Prod. Trading, S.A. v. JITC, LLC, No. 1:12-cv-00355, 2013 WL 4482507, at *3 (N.D. Ga. Aug. 20, 2013) (emphasis added).

6

**II. Analysis**

Since this case was transferred to this Court, Defendants have continually flouted the Federal Rules and have attempted to undermine the integrity of these proceedings. Defendants have collectively failed to (1) respond to discovery requests, (2) respond to a subpoena, (3) appear for a scheduled deposition, and (4) comply with the Court's orders. When attorney's fees and expenses were awarded as a sanction for these violations, Defendant Jones filed for bankruptcy in an attempt to avoid payment. The remaining Defendants, without the guise of a valid excuse, made no efforts to pay. Defendants' behavior throughout the discovery process has proven that lesser sanctions will not ensure their compliance with the discovery process. Therefore, despite the harshness of the requested sanctions, they are nonetheless warranted in this case. The severity of the sanction is appropriately commensurate with the pervasiveness of Defendants' noncompliance with the Federal Rules and their recalcitrance in the face of this Court's November 14, 2016 Order [99]. The Answer of Defendants to the First Amended Complaint [65] is therefore **STRICKEN**, and default judgment

against Defendants is **GRANTED**.

As a result, a permanent injunction is **ENTERED** against Defendants. Defendants, their founders, owners, officers, directors, managers, shareholders, agents, employees, representatives, independent contractors, predecessors, successors, parent companies, assigns, affiliates, all other entities owned, in whole or in part, by any Defendant now or in the future, all other persons or entities any Defendant directly or indirectly has the right to control now or in the future, and all persons acting in concert with any of the foregoing (collectively, "Enjoined Parties"), shall be forever and permanently enjoined from:

(1) Directly or indirectly using the term LAUREATE or LAUREATTE or any term, mark or words, or combination thereof that is confusingly similar to LAUREATE or LAUREATTE, including, but not limited to (a) as a trademark, service mark, or trade name; (b) as a corporate or business name; (c) as a "doing business as" or "dba" name; (d) within a domain name, URL, website, or webpage, and/or (e) in any other manner.

8

(2) Committing or attempting to commit any other act calculated to cause any person to believe that any Defendants' products, goods, or services are affiliated with, endorsed by, or in any way connected to Laureate Education, Inc. or Laureate Education Inc.'s successors in interest or assigns of Laureate Education Inc.'s "LAUREATE" trademark.

Defendants remain obligated to pay the previously ordered $24,811.50 in attorney's fees and $586.28 in expenses, but no further damages shall be awarded.

## Conclusion

Plaintiff Laureate Education, Inc.'s Renewed Motion for Entry of Default Judgment, or, in the Alterative, for a Status Conference [103] is **GRANTED**. The Answer of Defendants to the First Amended Complaint [65] is **STRICKEN**. Default judgment is **ENTERED** against Defendants. Defendants are **ENJOINED** in accordance with the above.

**SO ORDERED**, this 15th day of September, 2017.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)